DOC NO
REC'D/FILED
2020 OCT -2 PM 2:57
CLERK US DISTRICT COURT
WD OF WI

# UNITED STATES FEDERAL COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

SHASTA HOWELL (pro se)

Case No.

20-cv-925-wmc

Vs

Judge Alan Bates, Judge Michael Haakenson, Jodi Timmerman, The Rock County department Child Protective Services, The Janesville Police Department, The Rock County Sheriff's Department, The Rock County Family Court, The Janesville School District, Wisconsin Department of children and Families, Jennifer Nash, D.David Barry, Margery Tibbets-Wakefield, Brooke Joo's, Lisa Shultz, Jessica George Reyes, St. Mary's hospital, The Wisconsin Governor and The Wisconsin Attorney General

**THIS IS A CIVIL COMPLAINT ALEDGING, GROSS MISCONDUCT, REPETITIVE NEGLEGENCE, BREACH OF CONTRACT, HARASSMENT, SLANDER, LIBEL, DEFLIMATION OF CHARACTOR, DISCRIMINATION, REPETITIVE EXTREAM EMOTIONAL, UNITED STATES FIRST, FOURTH, FIFTH, SIXTH, EIGHTH, AND FOURTENTH AMENDMENT VIOLATION'S**

**PLANTIFF'S**

1. SHASTA HOWELL
   P.O BOX 412
   BRODHEAD WI 53520
   608-447-1605

**DEFENDANT'S**

1. JUDGE ALAN BATES

1-15

51 S MAIN ST
JANESVILLE WI 53535

2. JUDGE MICHAEL HAAKENSON
51 S MAIN ST
JANESVILLE WI 53545

3. JODI TIMMERMAN
51 S MAIN ST
JANESVILLE WI 53545

4. THE ROCK COUNTY DEPARTMENT OF CHILD PROTECTION SERVICES
3530 N COUNTY RD F
JANESVILLE WI 53545
608-757-5200

5. THE JANESVILLE POLICE DEPARTMENT
100 N JACKSON
JANESVILLE WI 53548
608-755-3100

6. THE ROCK COUNTY SHERIFF'S DEPARTMENT
200 US-14
JANESVILLE WI 53545
608-757-8000

7. THE ROCK COUNTY FAMILY COURT
51 S MAIN ST
JANESVILLE WI 53545
608-757-5547

8. THE JANESVILLE SCHOOL DISTRICT
527 S FRANKLIN ST
JANESVILLE WI 53548
608-743-5000

9. WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES
201 E WASHINGTON AVE
MADISON WI 53703
608-422-7000

10. JENNIFER NASH
58 S MAIN ST

JANESVILLE 53545
608-756-5221

11. D. DAVID BARRY
    20 E MILWAUKEE ST #306
    JANESVILLE WI 53545
    608-757-2900

12. MARGERY TIBBETS-WAKEFIELD
    20 E MILWAUKEE ST # 404
    JANESVILLE WI 53545
    608-856-6130

13. BROOKE JOO'S
    604 PLEASANT ST #120
    BELOIT WI 53512
    608-365-6614

14. LISA SHULTZ
    1795 LAFAYETTE ST
    JANESVILLE WI 53546
    608-755-5120

15. JESSICA GEORGE REYES
    201 E WASHINGTON AVE
    MADISON WI 53703
    608-422-7000

16. ST MARY'S HOSPITAL
    3400 E RACINE ST
    JANESVILLE WI 53546

17. THE WISCONSIN GOVERNOR
    115 E CAPITOL DR #1
    MADISON WI 53702
    608-266-1212

18. THE WISCONSIN ATTORNEY GENERAL
    17 W MAIN ST
    MADISON WI 53703
    608-266-1221

**Basis for Jurisdiction**

Plaintiff is suing defendant's for a Federal Violations, ext, the amount is in controversy, the amount plaintiff claims defendants is $14,000,000.00, not counting interest, cost of the court, and legal fees, therefore, this court has jurisdiction.

**Statement of claim**

Starting in 2011 concerning plaintiff's parenting skills, the defendants performed acts or failed to perform acts that an ordinary prudence in the same or similar circumstances would have done differently. Starting in 2011 defendants violated or failed to intervene to protect plaintiffs civil rights. Starting in 2011 defendants conspired with one or more other defendants to violate plaintiff and plaintiff's family civil rights while operating under the color of their office/law, this resulted in a fundamental unfairness. Listed below are the acts or omissions that caused or contributed to the cause of plaintiff's injuries;

**Defendant 1.**

Defendant 1 was recklessly negligently, breached the contract, performed gross misconduct. Defendant 1 slandered plaintiff and plaintiff's family name, caused repetitive reckless emotional distress to plaintiff and plaintiff's family. Defendant 1 conspired with one or more other defendants to violate plaintiff and plaintiff's families civil rights. Defendant 1 failed to intervene to protect plaintiffs civil rights. Defendant 1 violated plaintiffs first, fourth, eighth, and fourteenth amendment rights in the following ways.

1. On three occasions starting approximately 2011 until approximately 07/2013, the defendant lacked jurisdiction to remove one out of three of the plaintiff's children according to the United States Constitution, Wisconsin Law and The Department of Children and Families guidelines of when to remove a child. Approximately 02/2013 defendant allowed another defendant commit perjury and bring false evidence to this court. Approximately 02/2013 defendant set return conditions for plaintiff but withheld plaintiff's child. These court dates were fourth, eighth and fourteenth amendment violation, slander, defamation of character, slander, harassment, negligence and misconduct.
2. 08/14/12 and 01/10/13 defendant would not consider court appointed CASA volunteer Bobbi Haas recommendation the recommendation was, N.H was to be returned to plaintiff as mother has no positive drug tests and successfully completed return conditions, This was negligence and misconduct.
3. 07/2013 defendant was negligent and breached the contract for "return home conditions" by not returning the plaintiff's child.
4. 10/05/15 through 02/07/18, plaintiff was in defendants' courtroom 11 times to terminate guardianship, or to get visitation and everytime defendant denied petitions with no legal

reason only hearsay. This was a violation to plaintiff's fourth, eighth and fourteenth amendment rights, This was gross misconduct of office, and negligent.

5. 09/14/2015 plaintiff filed a motion to transfer guardianship of her child to her husband Floyd McCallum, with motion denied. This was negligence along with a fourth, eighth and fourteenth amendment violation.
6. Prior to 06/23/16 plaintiff notified defendant in writing that she invoked her childrens fifth amendment rights and under no circumstance should any government official or attorney question her children, defendant disregard this notice, this caused reckless extreme emotional distress on N.H, this was a violation to plaintiff's first, fourth, fifth, sixth, fourteenth amendment rights as well as harassment, gross negligence and gross misconduct.
7. 06/23/2016 There was an 8 hour trial in the defendant's court room and the plaintiff was without counsel, this was a sixth and eighth amendment violation. During trial another defendant subpoena plaintiff's therapist, her therapist verified t
8. that plaintiff had been given random UA's and they were all negative for any illegal drugs, she also stated that her only diagnosis was ADHD, PTSD and anxiety and that this case caused more trauma to the plaintiff. During trial the defendant would not allow several of the plaintiff's family/witness to speak, This was a violation to their first amendment. During trial the defendant insinuated that the plaintiff 's minor daughter was a liar and the defendant would not accept her testimony. During trial the defendant ordered the plaintiff to not speak of this case to anyone outside the courtroom, this was a violation to the plaintiff's first amendment right. During trial Defendant suspend all visitation between plaintiff and one of plaintiff's children, N.H. During this trial, the defendant violated the plaintiff's and the plaintiff's family's first, fourth, fifth, sixth, eighth, fourteenth amendment rights. During trial another defendant served the plaintiff with a warning letter to terminate her parental rights if placement was not changed in one year. This trial was harassment, negligent, misconduct, breach of contact, slander, defamation of character, libel, and violated the right to life, liberty and the pusant of happiness. This was against The Americans with Disability act of 1990
9. Approximately 11/21/16 plaintiff's attorney filed a motion to give plaintiff periods of placement of her child, court was 12/20/16 during this court date defendant allowed another defendant to commit perjury and bring false evidence against plaintiff and defendant denied plaintiff any periods of placements or visitation, this was negligent, misconduct, harassment, and violations to plaintiffs fourth, eighth and fourteenth amendment rights.
10. 12/18/17 plaintiff's attorney file a motion to change placement of N.H and terminate guardianship, court was scheduled for 01/08/18, during this court date defendant scheduled court for 02/07/2018 and did not grant any placement of N.H to plaintiff, this was a forth, eighth, and fourteenth amendment violation.
11. 02/7/2018 during court, defendant denied any placement or visitation for plaintiff and plaintiff's child N.H as another defendant served plaintiff with TPR paper's. Plaintiff's attorney withdrew from council on this date. Defendant scheduled court for 02/20/18 to

hear this case. This court date 02/07/2018 violated plaintiff's fourth, eight, fourteenth amendment rights.

12. 02/20/18 during court another defendant served plaintiff with a partial summary of judgement, defendant denied any visitation between plaintiff and her child. This was a violation of the plaintiff's fourth, eighth and fourteenth amendment rights.
13. 03/29/2018 defendant granted partial summary of judgment. This violated plaintiff's fourth, eighth and fourteenth amendment rights and this was gross misconduct and reckless negligence, harassment, slander, leible, defamation of character, and extreme emotional distress.
14. 05/24/2018 was the final trial, Defendant ordered plaintiff and plaintiff's family to not speak of this case outside of the courtroom, this was a first amendment violation. Defendant denied plaintiff and plaintiff's family to speak this was a first amendment violation. Defendant ordered plaintiff's husband out of the courtroom. Plaintiff child Shane Mally testified on his brother N.H and plaintiff's behalf and defendant denied him to speak and when he spoke anyhow the defendant called him a coward. This was gross misconduct, gross negligence, harassment, slander, libel, defamation of character, extreme emotional distress. On this court date the defendant bailiff ordered plaintiff's mother out of the courtroom, took plaintiff and all plaintiff's witness's cell phones away, This was a violation of fourth, fifth, sixth. Eighth, fourteenth amendment rights. On this court date the defendant ordered the plaintiff to stop calling N.H, sending him gifts, and stopped any communication whatsoever. Defendant stated plaintiff is luckey N.H calls her mother N.H should be calling Mike and Pam mom and dad. This was Bias and extreme emotional distress, misconduct.

Defendant 1 has never accepted any legal evidence, including plaintiff certification for parenting class, HSED, Thinking for a change, ADOD. Licensed therapist testimony. CASA representative on for N.H report. Plaintiff's families testimony, in fact the defendant harassed plaintiff's family by singling out each member of the family, alleging they were lying, and calling them names, ordering them out of the courtroom, denying them to speak, ordering them not to speak, denying them communication with their family member, N.H. From the very beginning the defendant did not have jurisdiction over this case. From the very beginning Defendant 1 have violated plaintiff's first, fourth, fifth, sixth, eighth, and fourteenth amendment rights. From the start in 2011 the defendant acted biased, was grossly negligent, harassed plaintiff, slandered plaintiff's name, deflowered her character, and caused repetitive reckless, extreme emotional distress. Defendant actions were treason to the Constitution. Defendant violated The Americans with disabilities act of 1990, as plaintiff has a learning disability, ADHD,PTSD and anxiety. See Rook v. Rook, 233 Va. 92, 95 353 S.E.2d 756, 758 (1987) and Merritt v. Hunter, C.A. Kansas 170 F2d 739 and NO JUDICIAL OFFICIAL IS IMMUNE IF THEY BREAK (OATH OF OFFICE) UNDER TITLE 18 U.S.C 2381, CANNON

**Defendant 2**

Defendant 2 failed to intervene to protect plaintiff and plaintiff's family from civil right violations, in doing this defendant joined the conspiracy.

1. Approximately 2016, plaintiff notified defendant 2 in writing of the conspiracy and the wrongdoing that was being done to plaintiff and plaintiff's family as defendant 2 is plaintiff's child support Judge.
2. Approximately 2019, Plaintiff filed all notices, filings and evidence with defendant 2.

By defendant ignoring the evidence presented to him he joined the conspiracy and is also guilty of the same violations including negligence, misconduct, harassment, and violations of the fourth, fifth, sixth, eight and fourteenth amendment violations. Extreme emotional distress on plaintiff and plaintiff's family.

**Defendant 3.**

Defendant 3 was recklessly negligent with her officer's authority, and performed gross misconduct, Defendant caused extreme emotional distress on plaintiff as well as Constitutional violations.

1. 02/04/13 Defendant committed perjury when under oath she stated plaintiff a drug test positive for cocaine and escaped the Rock County Jail. This was negligence and gross misconduct.
2. Approximately 2015 and 2016 the defendant had a meeting with Mike Larson (the guardian) and Pam Larson and was aging with the plaintiff grandmother in her office without a court reporter. This is negligence and MIsconduct.
3. 2011 until 2018 defendant accepted all evidence from other defendants without doing any research to find out if it was legal and true, and then presented this evidence to the Rock County Family Court and other defendants.

By defendant accepting manufactured evidence she joined the conspiracy and is guilty of the same violations which include gross misconduct, negligence, harassment, slander, and violations of the fourth, fifth, sixth, eight, and fourteenth amendment violations. Repetitive, reckless extreme emotional distress on plaintiff and plaintiff's entire family. See U.S. v. Olmstead, 277 U.S. 438 (1928) and US v. GUEST, 86 S.Ct. 1170;US V.COMPAGNA,US V.COMPAGNA, 146 F.2d 524

**Defendant 4**

Dependant 4 was recklessly, negligently, grossly in misconduct. Defendant harassed, slandered, deflamed and breached contract plaintiff. Defendant violated plaintiff and plaintiff's first children of first, fourth, fifth, sixth, eighth, and fourteenth amendment rights.

1. 05/31/11 was approximately the 8-10 time a representative for defendant 4 had come to plaintiff home with false accusations, plaintiff informed defendant that she wanted to invoke her and her childrens fifth amendment rights, under no circumstance should defendant or a representative of defendant come and speak and they were never allowed to speak to her children.

2. 06/02/11 there was a report of N.H chasing his dog in the middle of the road. The department against plaintiff's prior orders on 05/31/11 went to plaintiff's other two children's schools to interview them without a representative of the court present. The department of defendant decided to remove one of plaintiff's 3 children without getting a statement from plaintiff. This violated plaintiff first, fourth, fifth, sixth, eight, and fourteenth. This was negligent, misconduct, harassment, slander, defamation of character. This also violated her children's Constitutional rights.
3. Between 06/02/11 through 07/2013 plaintiff repeatedly informed representatives of the defendant that she wanted to invoke all of her children and her Constitution rights, always that demand was ignored. Defendant continued to question all three of her children without a representative of the court approximately 20/30 times. This was a first, fifth and fourteenth amendment violation to plaintiff and plaintiff and her three children. Plaintiff informed the defendant that she was against Mike Larson having placement of her child N.H. Plaintiff was afraid that Mike and Pam Larson would continue to try to set plaintiff up with the intentions of separating her and her children so they could adopt N.H. These actions violated plaintiff and plaintiff three children First, forth, fifth, sixth, eighth and fourteenth amendment rights. These actions were gross misconduct, reckless negligence, slander, defamation of contract.
4. Between 11/04/11 through 11/21/11 plaintiff reached out to this defendant at least 7 times as plaintiff and plaintiff's child were very sick, plaintiff needed help with her child as she kept passing out of consciousness due to the medication she was put on. 11/22/11 The defendant and another defendant came and removed one of her three children, N.H. 11/23/11 defendant stated that plaintiff should have reached out for help. This was gross negligence, gross misconduct, first, fourth, fifth, sixth, eight, and fourteenth amendment violations.
5. 11/23/11 plaintiff informed defendant that she wanted the child placed with her mother Sandra Howell, the demand was denied. This was a violation of plaintiff's fourth and fourteenth amendment rights, as well as negligence.
6. Two or more times 11/2011 and 12/2011 defendant gave plaintiff a drug test that was already filled out by defendant with the wrong date on it. This was misconduct.
7. Approximately 01/12/13 the department requested another defendant give plain a drug test. Plaintiff gave two drug tests and both were negative for all drugs, however the defendant again removed only one of plaintiff's three children while plaintiff was at work and plaintiff's mother and grandmother were caring for plaintiff's child N.H. Defendant or an investigator never even spoke to the plaintiff. Defendant delivered this false information to the Rock County Family Court. 01/13/11 The diversion program through The Rock County Jail called the defendant and confirmed that plaintiff drug tests were negative for all drugs according to their standards. This was gross misconduct, gross negligence, slander, defamation of character, and violation to plaintiff first, fourth, fifth, sixth, eighth, and fourteenth amendment rights and also to her childrens.
8. During the time of approximately 01/2013 until 07/15/2013 defendant coursed plaintiff to sign guardianship of N.H to MIke Larson, by withholding N.H only one of her children only giving her two hours of supervised visitation a week, in spite of the efforts plaintiff

made and she had successfully completed return home conditions. This was a breach of contract. Plaintiff informed the defendant she was against her child being placed with Mike Larson or Mike Larson being his guardian, Plaintiff offered three other guardians, Jennifer Overbeck, Jeremy Hyams, or Sandra Howell (N.H grandmother) defendant denied each person. Defendant would only allow Mike Larson.

9. During the time of 2011 and 07/13 the defendant manufactured evidence including 3 positive drug tests, however the redwood laboratory has no positive drug test nor does Rock County Jail. Defendant stated the CPS report that plaintiff was being evicted from her home, however plaintiff proved this was untrue with a letter from her landlord. Defendant stated that in 2012 plaintiff was not giving N.H his medications, plaintiff showed defendant that she had consolidated the bottles as they were the same exact medications. Defendant manufactured other evidence as well. All the evidence that defendant mangni factored they also delivered to Rock County Family Court and any other person that read the CPS report.

This was gross misconduct, gross negligence, slander, defamation of character, libel, breach of contract, harassment, violations of plaintiff and plaintiffs first, fourth, fifth, sixth, eight and fourteenth amendment rights. This causes Repetitive extreme emotional distress on the plaintiff and the plaintiff's whole family. This created a fundamental unfairness for the plaintiff. This was a conspiracy to commit fraud. See Lubben v. Selective Service System, 453 F.2d 645, 649 (1st Cir. 1972) and WILLIAMSON v. BERRY, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 ( 1850 ).and RCW 13.40.140(2) which requires a sheriff who are court representative and/or represented by counsel at all critical stages of investigation" and Negligently" means acting, or failing to act, in such a way that a reasonable person would know or should know seriously endangers the physical, mental, or emotional health of a child.

(2) Neglect. Any person who is responsible for a child's welfare who, through his or her actions or failure to take action, for reasons other than poverty, negligently fails to provide any of the following, so as to seriously endanger the physical, mental, or emotional health of the child, is guilty of neglect and may be penalized as provided in sub. (3):

(a) Necessary care.

(b) Necessary food.

(c) Necessary clothing.

(d) Necessary medical care.

(e) Necessary shelter.

(f) Education in compliance with s. 118.15.

(g) The protection from exposure to the distribution or manufacture of controlled substances, as defined in s. 961.01 (4), or controlled substance analogs, as defined in s. 961.01 (4m), or to drug abuse, as defined in s. 46.973 (1) (b).

STANDARDS FOR THE DEPARTMENT OF CHILDREN AND FAMILIES, PER HANDBOOK.

Neglect does not include an act by a caregiver that is accidental, regardless of whether it results in harm to the child. Every parent on at least one occasion has had a lapse in memory or attention that resulted in a child being at risk. The following are examples of accidents that occur with generally protective, vigilant parents that are NOT substantiated as neglect:

1. a tired, overwhelmed parent forgets that the baby is in the back seat of the car and unknowingly leaves the child unattended in the car while putting away groceries
2. a tired mother unintentionally falls asleep with the baby in her arms and the baby falls to the floor
3. a 3-year-old gets out of the house and into the street without the parent's knowledge when the parent is on the phone, changing the baby sister's diaper, or taking care of some other responsibility, etc.
4. a child becomes separated from a parent at the county fair and another adult must assist the child in finding the parent.

**Defendant 5**

Defendant 5 was negligent, slandered plaintiff's name, inflamed her character, repeatedly harassed plaintiff, violated plaintiff and plaintiff's children's first, fourth, fifth, sixth, eight and fourteenth amendment rights.

1. On three occasions starting 06/02/11, 11/22/11 and 01/12/11 defendants illegally questioned and taken plaintiff's property/child into their custody according to United States Constitution, Wisconsin Laws, and The Department of Children and families there was never a legal reason to remove plaintiff's child. Plaintiff was on two occasions arrested with neglect, the charges later dismissed indicating plaintiff was innocent. This was reckless extreme negligence, gross misconduct, harassment, slander, defamation of character and violations to plaintiff's fourth, fifth, sixth, eight and fourteenth amendment rights.
2. 01/22/13 defendant broke into plaintiff's constitutional protected home. The unwelcomed defendant (three male officers) aggressively walked toward Plaintiff, Plaintiff stated "please dont come at me like that I have PTSD from childhood trauma from men " the officers ignored her request. Plaintiffs yell at them that were not welcomed in her home, they proceeded to put handcuffs on her, and transported her to St. Mary's hospital and ordered the Doctor to do a drug test, the doctor against plaintiffs will, while she was handcuffed to a bed in the hallway of the hospital put a cathordor in her without a warrant or a court order. The doctor stated that the plaintiff had cocaine in her system, however any evidence received during a fourth and fifth amendment violation is admissible under the law. There was no indication that the plaintiff had any drugs in her system that would be harmful to her life, if they believed the plaintiff had taken something harmful to her life then why didn't they medically treat it by pumping her stomach instead they violated her in her private area. The defendant ordered that plaintiff be transported to a mental institution after being evaluated by the mental institution doctors she was released and transported to The Rock County Jail as the defendant had illegally arrested plaintiff for battery to an officer. This was extreme emotional distress, gross misconduct, gross negligence, harassment, slander and violations to fourth, fifth, sixth, eight, and fourteenth amendment rights. The profound

damade this defendant caused is comparable to rape. This was a violation of The Americans with Disabilities Act of 1990.

3. 04/24/16 defendant denied plaintiff visitation and custody of her child. Defendant told plaintiff and her husband that if they came back again they would be arrested for trespassing. This was a fourth, eighth, and fourteenth amendment violation as well as negligence.

These acts were negligent, harassment,misconduct, they slandered the plaintiff's name, this violated plaintiff fourth, fifth, sixth, eighth and fourteenth amendment rights. See Nicholas C. L. v. Julie R. L. 2006 WI App 119, 293 Wis. 2d 819, 719 N.W.2d 508, 05-1754.

**Defendant 6**

Defendant 6 was negligent, harassment, gross in misconduct, slandered plaintiff's name, caused reckless extreme emotional distress. Defendant violated plaintiff's fourth, fifth, sixth, eight, and fourteenth amendment rights.

1. 04/24/16 defendant was called to the plaintiff's home by Mike and Pam Larson. Defendant removed N.H from plaintiff's care without an order from a Judge. This violated plaintiff's forth, sixth, eight, and fourteenth amendment rights.
2. On three occasions the defendant gave three different results for one drug test taken on 01/12/13. On 1/13/13 the defendant called another defendant to verify the drug test was negative for all drugs to their standard that was performed on 01/12/13. 12/03/19 defendant stated the test done on 01/12/13 was positive however there is no documentation of it as it was an instant test. 02/05/20 states there are no records found for results of 01/12/13 test performed. This contradicts what the defendant originally said on 01/13/13.
3. 12/03/19 plaintiff signed a release of information to do an investigation on CPS case number 6859103 and gave defendant a copy of report, if defendant would have done a proper investigation, he would have seen all the discrepancies in this case, this was negligent.

This is negligent, this violated plaintiff's forth, sixth, eight and fourteenth amendment rights.

**Defendant 7**

Defendant 7 was negligent, gross in misconduct, harassed plaintiff, slandered plaintiff's name, caused extreme emotional distress on plaintiff and plaintiff's family, Defendant violated plaintiff first, fourth, fifth, sixth, eight and fourteenth amendment rights.

PLEASE SEE STATEMENT ON DEFENDANT 1, AS ONE IS THE PERSON AND ONE IS THE FAMILY COURT.

Defendant failed to intervene to protect plaintiff and plaintiff's family of several constitutional violations. Defendant was negligent as to see who was operating in this office and following the laws of Wisconsin and the United States. Therefore this defendant is guilty of the same. Parham v. J. R., 442 U. S. 584, 602 and Justice delayed is justice denied. MAGNA CHARTA, Art.40, June 15, 1215.

**Defendant 8**

Defendant 8 violated plaintiff's fourth, and fourteenth amendment rights.
Approximately 2015 plaintiff tried to take N.H lunch at Van Buren School and was denied visitation per Mike Larson's demands.
This violated plaintiff fourth and fourteenth amendment rights and caused extreme emotional distress on plaintiff.

**Defendant 9**

Defendant 9 violated the violations as defendant 4 as defendant 4 is a lower branch of this defendant. SEE DEFENDANT 4

1. On three occasions 02/01/13, 04/29/13 and 07/30/19 plaintiff requested an investigation on the CPS case all three times this was denied.
2. On two occasions 2018/2019 the Governor of Wisconsin ordered the defendant to do an investigation, and the defendant denied the governor's orders.

This was gross misconduct, negligence. This violated plaintiff's fourth, eight and fourteenth amendment rights.

**Defendant 10**

Defendant 10 committed perjury, this was gross misconduct, slander, defamation of character, harassment.

1. On approximately 12/20/16 defendant committed perjury statement under oath that the plaintiff had absconded her probation and had two positive tests for barbiturates. Plaintiff probation officer wrote a letter stating plaintiff had only two violations and they were for not reporting taking her own prescribed medications.
2. Approximately 2015 the defendant turned in important court documents for guardianship, she wrote 16 GN 51 instead of 13 GN 51.

This was reckless extreme negligence.This violated plaintiff's right to life, liberty and pursuit of happiness.

**Defendant 11**

Defendant 11 provided ineffective counsel for the plaintiff. This was extreme misconduct and violated the plaintiff's right to a fair hearing. Defendant was so ineffective it was like not having an attorney at all.

1. Between the times of 12/20/16 until 11/2017 plaintiff pleaded with her defendant to get a court date to change placement and terminate guardianship, most of the phone calls and email were ignored until plaintiff had to ask her probation officer to contact him for an appointment, when there was finally a court date defendant withdraw from representing her.

The result of the ineffective counsel developed a fundamental unfairness along with a sixth amendment violation.

**Defendant 12**

Defendant 12 provided ineffective counsel for the plaintiff. This was extreme misconduct and violated the plaintiff's right to a fair trial.

1. 03/16/18 defendant turned in a brief in opposition of summary of judgement, defendant wrote the wrong name and date on she dated it for year 2017 instead of year 2018. She wrote Mike and Sharron Larson instead of Mike and Pam Larson.
2. 03/22/18 Plaintiff demanded the defendant file an appeal on the Judge's decision and the defendant ignored this.
3. Approximately 04/2018 plaintiff demanded that defendant subpoena plaintiff's doctor, therapist, and others to testify on plaintiff's behalf.
4. 05/2018 defendant assured the plaintiff she had subpoenaed the appropriate people, however she did not.

The results of ineffective counsel for the plaintiff developed a fundamental unfairness along with a sixth amendment violation.

**Defendant 13**

Defendant 13 was negligent in her negligence; she violated plaintiff's fifth amendment right. This defendant violated plaintiff's child N.H sixth amendment. This defendant is both plaintiff and N.H eight and fourteenth amendment.

1. Defendant questioned her child against prior instructions to the court by plaintiff that no government official or attorney is to question her child as plaintiff informed the court in 2015 she was invoking her children's Constitutional rights Plaintiff notided CPS in 2011 that she was invoking her and her children's Fifth amendment right. This defendant was negligent, to properly give the court and recommendation of N.H ``best interest" she would have needed to read both the CPS record and this court proceeding record if she would have read either she would know the plaintiff had invoked N.H fifth amendment.

This defendant was gross in misconduct, grossly negligent, harassed, slandered and inflamed plaintiff's name, violated plaintiff fourth, fifth, sixth, eighth, and fourteenth amendment violations and violated her son N.H in the same manner with the same violations.

**Defendant 14**

Defendant 14 like defendant 13 was negligent and in her negligence she violated plaintiff plaintiff child N.H inalienable constitutional rights.

1. Between 2011 and 2018 Defendant questioned her child against prior instructions to the court by plaintiff that no government official or attorney is to question her child as plaintiff informed the court in 2015 she was invoking her children's Constitutional rights Plaintiff notided CPS in 2011 that she was invoking her and her children's Fifth amendment right. This defendant was negligent, to properly give the court and recommendation of N.H "best interest" she would have needed to read both the CPS record and this court proceeding record if she would have read either she would know plaintiff had invoked N.H fifth amendment, in fact every time this defendant gave a recommendation she was negligent.
2. 06/23/16 during trial defendant discounter plaintiff licence theorist testimony " Shasta has been given a random drug test for the past 4 years and they were all negative for

illegal drugs" defendant stated "unless you followed her there is no way of knowing if she used drugs or not" This was gross misconduct. Defendant stated "Shasta if you were more like N.H father you would get to see you son" This was defamation of character, slander and harassment.

This defendant was gross in misconduct, grossly negligent, harassed, slandered and inflamed plaintiff's name, violated plaintiff fourth, fifth, sixth, eighth, and fourteenth amendment violations and violated her son N.H in the same manner with the same violations.

**Defendant 15**

Defendant 15 was negligent, gross in misconduct, harassed and violated plaintiff's fourth, fifth, sixth, eight and fourteenth amendments.

3. On three occasions 02/01/13, 04/29/13 and 07/30/19 plaintiff requested an investigation on the CPS case all three times this was denied.
4. On two occasions 2018/2019 the Governor of Wisconsin ordered the defendant to do an investigation, and the defendant denied the governor's orders.

This was gross misconduct, negligence. This violated plaintiff's fourth, eight and fourteenth amendment rights.

**Defendant 16**

Defendant 16 while under the color of the law, violated plaintiff, fourt, fifth, sixth, eight and fourteenth amendment rights.

1. 01/22/13 without plaintiff's consent, without a court order this defendant inserted a catador in plaintiff in the hallway of hospital as hospital rooms were full to.. receive evidence of drug use.

This violated plaintiff first, fourth, fifth, sixth, eighth and fourteenth amendment rights.

**Defendant 17**

Defendant 17 was negligent.

1. Plaintiff notified the defendant on two or more occasions 2018/2019 and 2020 of all the corruption in this case along with all the evidence. "Defendant was served with a notice of an intent to sue" on 01/10/20.

Defendant negligence in this case caused him to become part of the conspiracy. In his negligence this defendant violated plaintiff's Constitutional right, the same as the other defendants.

**Defendant 18**

Defendant 17 was negligent.

2. Plaintiff notified the defendant on two or more occasions 2018/2019 and 2020 of all the corruption in this case along with all the evidence. "Defendant was served with a notice of an intent to sue" on 01/10/20.

Defendant negligence in this case caused him to become part of the conspiracy. In his negligence this defendant violated plaintiff's Constitutional right, the same as the other defendants.

All of the above mentioned defendants were negligent, if they would have performed their duty of office they would all know of the magnifacter evidence. They would be well aware of all the violations, in them not being aware it shows their negligence. If they knew of the violations they still are negligent by not intervening to protect plaintiff and plaintiff family from civil right violations as it is their duties of office. These defendants slandered the plaintiff's name, inflamed her character, harassed her, and performed gross misconduct. These defendants violated plaintiff and plaintiff's children of first, fourt, fifth, sixth, eighth, and fourteenth amendment. These defendants caused repetitive reckless emotional distress on plaintiff and plaintiff's family. See R.I.CO act violation 18 U.S.C as 1962(a)-(d)A Prejudice biased judge Psychopsema = orchestrated assault
To cause confusion and anxiety a form of traumatic brain injury PTSD to coerce parents in Family Court and section 54.15(5) Wis. Stat. Section 48.02(13) defines a patent as a biological or adopted patent and Barstad v.Frazier, 118 Wis.2d 549 (1984).

**Relief**

Plintiff demands $14,000,000 in punitive, compensatory damages, for the negligence, breach of contract, harassment, slander, libel, deflimationn of her character, discrimination, intintional emtional distrss and the violation of life liberty and pusant of happiness, all caused by defendant actions or failures to act, accordanaly plaintiff requests declaration of mentioned acts as illigal and an injunction against further harassment or proceedings against plaintiff and her children in picticular. Plaintiff demands the defendant repay any legal cost that occurs.

**Certification and Closing**

By signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Dated this 2nd day of October, 2020